**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| PATRICIA WALTON,<br><br>5233 North Capital Street NE #217<br>Washington, DC 20011<br><br>and<br><br>DIAMOND THORNE,<br><br>522 Hamilton Street NE<br>Washington, DC 20011<br><br>Plaintiffs,<br><br>v.<br><br>CELESTIAL SEASONINGS, INC.,<br><br>4600 Sleepytime Drive<br>Boulder, CO 80301<br><br>Defendant. | Case No. ____________________ |

**NOTICE OF REMOVAL**

Defendant Celestial Seasonings, Inc. hereby effects the removal of this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) because Plaintiffs plead this lawsuit as a putative class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million exclusive of interest in costs. Removal is independently proper under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs. Venue is proper under 28 U.S.C. §

1391 because this action was filed in the Superior Court of the District of Columbia, which is coextensive with the District to which this case has been removed.

**FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS**

1. Plaintiffs Patricia Walton and Diamond Thorne filed this action in the Superior Court of the District of Columbia on or around August 19, 2026. *See* Ex. 1. Plaintiffs served Celestial Seasonings with the Summons and Complaint on or around August 20, 2026. *See* Ex. 2. Pursuant to 28 U.S.C § 1446(a), a true and correct copy of the remainder of the Superior Court case file (including all documents other than the Complaint and the Waiver of Service) is attached as Exhibit 3 and incorporated by reference herein.

2. Plaintiffs allege that Celestial Seasonings mislabels certain varieties of its fruit-flavored herbal teas with the phrases "No Artificial Flavors" and "Naturally Flavored with Other Natural Flavors." Plaintiffs allege that these representations are deceptive because the teas contain citric acid, which Plaintiffs characterize as an "industrially manufactured" substance that "functions as a flavoring agent in each of the Products." Based on these allegations, Plaintiffs claim that Celestial Seasonings' marketing and sale of the products violates the District of Columbia Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.* *See* Compl. ¶¶ 29, 91-113.

3. Plaintiffs purport to bring this action in a representative capacity under section 28-3905(k)(1)(B) of the CPPA, which permits an individual to bring an action "on behalf of both the individual and the general public . . . seeking relief from the use of a trade practice in violation of the law of the District when that trade practice involves consumer goods or services that the individual purchased or received in order to test or evaluate qualities pertaining to use for personal, household, or family purposes." D.C. Code § 28-3905(k)(1)(B); *see also* Compl. ¶¶ 67–71. In the

alternative, "Plaintiffs bring this action as a class action under D.C. Super. Ct. R. 23(a), 23(b)(2), and 23(b)(3), on behalf of a class of all natural persons in the District of Columbia who purchased one or more of the Products for personal, family, or household use, and not for resale, within the applicable limitations period." *Id.* ¶ 72.

4. Plaintiffs seeks several remedies under the CPPA, including: (1) a declaration that Celestial Seasonings' "labeling, marketing, and sale of the Products using the No Artificial Flavors Representation violated D.C. Code § 28-3904"; (2) an award of "statutory damages of treble damages, or $1,500 per violation, whichever is greater, for each purchase of a Product bearing the challenged representations by a member of the General Public of the District of Columbia within the applicable limitations period"; and (3) an order "[e]ntering a permanent injunction . . restraining Celestial from representing, on any label, package, website, in-store display, or other consumer-facing medium, that any herbal tea contains 'NO ARTIFICIAL FLAVORS' or is 'Naturally Flavored with Other Natural Flavors' unless the representation is truthful, non-misleading, and adequately qualified, and ordering corrective disclosure." Prayer for Relief.

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)**

5. CAFA provides that federal courts have original jurisdiction over (a) a "class action" in which (b) any plaintiff is diverse from any defendant, (c) there are at least 100 members in the putative class, and (d) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending. "No antiremoval presumption attends cases involving CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *accord Bradford v. George Washington Univ.*, 249 F. Supp. 3d

325 331 (D.D.C. 2017) (distinguishing cases directing courts to construe federal jurisdiction narrowly and holding that they were not applicable to cases removed under CAFA).[1]

**This Case Is a "Class Action" Under CAFA**

6. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case is a "class action" under CAFA for two independent reasons:

7. First, Plaintiffs' complaint expressly invokes District of Columbia Superior Court Rule 23, which "governs class actions." *Snowder v. District of Columbia*, 949 A.2d 590, 596 (D.C. 2008); *see* Compl. ¶ 72. Plaintiffs allege at length that the putative class of D.C. consumers they purport to represent satisfies all of the requirements of Rule 23. *See* Compl. ¶¶ 73–78. And while Plaintiffs claim to seek class certification "in the alternative," that does not change the fact that this lawsuit was "filed under a . . . rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."[2] 28 U.S.C. § 1332(d)(1)(B); *see also Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 120 (D.D.C. 2014) (emphasizing that the plaintiff, as the "master of his complaint, . . . should have recognized that the defendant could exercise its statutory right of removal" based on the claims he chose to plead).

8. Second, the District of Columbia Court of Appeals has held that a plaintiff who seeks monetary relief on behalf of the "general public" under section 28-3905(k)(1) of the CPPA must satisfy the requirements of D.C. Superior Court Rule 23—regardless of whether she styles

---

1 Unless noted, all citations and internal quotation marks are omitted from case citations.

2 That fact also distinguishes this case from the cases Plaintiffs cite in their complaint, in which the plaintiffs did not seek class certification—even in the alternative. *See Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53 (D.D.C. 2017); *Breakman v. AOL LLC*, 545 F. Supp. 2d 9 (D.D.C. 2008).

her lawsuit as a "class action." *Rotunda v. Marriott Int'l, Inc.*, 123 A.3d 980, 988 (D.C. 2015) (describing Rule 23 as "the time-tested framework within which suits for damages by class-members 'as representative parties' . . . have been maintained"); *cf. Alston v. Whole Foods Mkt. Grp.*, 2018 WL 2461041, at *1 (D.D.C. Apr. 13, 2018) ("Federal Rule of Civil Procedure 23 applies to DCCPPA actions under D.C. law") (citing *Rotunda*, 123 A.3d at 988). That is independently sufficient to make this case a "class action" under CAFA.

**The Parties Are Sufficiently Numerous To Satisfy CAFA**

9. Plaintiffs purport to bring this action on behalf of "[a]ll natural persons in the District of Columbia who purchased one or more of the Products for personal, family, or household use, and not for resale, within the applicable limitations period." Compl. ¶ 72. According to Plaintiffs, this putative class "numbers at minimum in the thousands." *Id.* ¶ 73.

10. Although Celestial Seasonings does not concede the truth of Plaintiffs' allegations, those allegations establish that the putative class has over 100 members and satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

**The Parties Are Minimally Diverse**

11. "CAFA expanded diversity jurisdiction over CAFA class actions by replacing complete diversity with 'minimal diversity.'" *McMullen v. Sychrony Bank*, 82 F. Supp. 3d 133, 137 (D.D.C. 2015). It permits federal courts to "exercise jurisdiction over a class action where 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Id.* (quoting 28 U.S.C. § 1332(d)(2)(B)).

12. Each Plaintiff alleges that she "is a natural person and a consumer in the District of Columbia." Compl. ¶¶ 9–10. The putative class similarly consists of "natural persons in the District of Columbia." *Id.* ¶ 72.

13. Celestial Seasonings is a Delaware corporation that maintains its principal place of business in Boulder, Colorado.

14. This case therefore satisfies CAFA's minimal diversity requirement because Plaintiffs and the class members they purport to represent are citizens of the District of Columbia, while Celestial Seasonings is a citizen of Delaware and Colorado. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

**There Is At Least $5,000,000 In Controversy**

15. In assessing the amount in controversy, "[a]bsolute certainty as to the amount is not essential; it suffices that there is a present probability that the damages . . . meet the statutory requirement."[3] *Comm. for GI Rights v. Callaway*, 518 F.2d 466, 472 (D.C. Cir. 1975); *see also Lavelle v. State Farm Mut. Auto Ins. Co.*, 235 F. Supp. 3d 217, 224 (D.D.C. 2017) ("[C]alculating the amount in controversy for purposes of the Class Action Fairness Act is less a prediction of how much the plaintiffs are ultimately likely to recover than it is an estimate of how much will be put at issue during the litigation.").

16. "In any class action, the claims of the individual class members *shall be aggregated* to determine whether the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(6) (emphasis added). In other words, this Court must "add[] up the value of the

[3] In a similar vein, courts around the country have emphasized that CAFA requires a defendant to show only "that it is *reasonably possible* that the potential liability exceeds $5 million." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (emphasis added); *see also, e.g.*, *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013 "[W]hen determining the amount in controversy, the question is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."); *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (noting that the amount in controversy is an "estimate of how much will be put at issue in the litigation" and that this "amount is not discounted by the chance that the plaintiffs will lose on the merits").

claim of each person who falls within the definition of the proposed class." *Std. Fire Ins. Co v. Knowles*, 568 U.S. 588, 592 (2013).

17. At this stage of the litigation, Celestial Seasonings need not submit evidence substantiating the amount in controversy, so long as it can offer a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" *Dart Cherokee*, 574 U.S. at 89. "Evidence establishing the amount [in controversy] is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* To the extent there is any dispute as to the amount in controversy, Celestial Seasonings reserves the right to submit evidence substantiating its jurisdictional allegations. *See, e.g.*, *Lavelle*, 235 F. Supp. 3d at 223 (denying motion to remand based on post-removal "evidence regarding attorneys' fees and punitive damages" and rejecting argument that the defendant "waived its right to use these factors in its calculation of the amount in controversy" because it did not submit this evidence alongside its notice of removal).

18. Plaintiffs seek "statutory damages of treble damages, or $1,500 per violation, whichever is greater, for each purchase of a Product bearing the challenged representations by a member of the General Public of the District of Columbia within the applicable limitations period." Prayer For Relief ¶ C. Courts have computed the amount in controversy by multiplying the number of alleged violations (*i.e.*, the number of products sold) by the statutory figure of $1,500. *See, e.g.*, *Sloan v. Soul Circus, Inc.*, 2015 WL 927838, at *8–9 (D.D.C. Dec. 18, 2015) (noting that "CPPA statutory damages awards flow from a *purchase or receipt* of consumer goods and services" and asserting "each . . . purchase merits one award of $1,500 in statutory damage"); *Fahey v. Godiva Chocolatier, Inc.*, 2020 WL 805776, at *5 (D.D.C. Feb. 18, 2020) (calculating statutory damages

of "one violation for each individually wrapped candy bar" when the plaintiff allegedly purchased five candy bars).[4]

19. Thus, to satisfy CAFA's $5,000,000 jurisdictional threshold, Celestial Seasonings must show only that there were at least 3,334 units sold in Washington D.C. during the period from August 19, 2023 to the present, which would yield $5,001,000 in statutory damages.

20. Celestial Seasonings has access to syndicated retail scan data through Circana. That data reflects that over 800,000 units of the teas at issue have been sold in the Baltimore/Washington D.C. metropolitan area since January 1, 2024, less than three years before the putative class period commenced. That supports a reasonable inference that there were well over 3,334 units sold in Washington, D.C. during the putative class period and that the amount in controversy greatly exceeds CAFA's $5,000,000 jurisdictional threshold.

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a)**

21. Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

---

[4] For the avoidance of doubt, Celestial Seasonings does not concede that this is the appropriate means of calculating statutory damages, and it maintains that an aggregate award of $1,500 per sale of a product that retails for well under $10 is inconsistent with the Due Process Clause. *See Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 962-63 (8th Cir. 2019) (noting that a "shockingly large" aggregate statutory damages award under the TCPA violated the Due Process Clause); *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1123 (9th Cir. 2022) (noting that aggregate statutory damages awards are unconstitutional "when they are 'wholly disproportioned' and 'obviously unreasonable' in relation to the goals of the statute and the conduct the statute prohibits") (quoting (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 67 (1919)). But for present purposes, the question is not whether Plaintiffs are *likely* to obtain such an award, or whether Celestial Seasonings would have viable defenses to an aggregate award of statutory damages; instead, the relevant question is whether such an award is possible.

22. As explained above, the parties are completely diverse: Plaintiffs and the putative class are citizens of the District of Columbia, and Celestial Seasonings is a citizen of Delaware and Colorado. *See supra* ¶¶ 12–13.

23. In addition to monetary relief, Plaintiffs seek an order "[e]ntering a permanent injunction pursuant to D.C. Code § 28-3905(k)(2)(D) restraining Celestial from representing, on any label, package, website, in-store display, or other consumer-facing medium, that any herbal tea contains 'NO ARTIFICIAL FLAVORS' or is 'Naturally Flavored with Other Natural Flavors' unless the representation is truthful, non-misleading, and adequately qualified, and ordering corrective disclosure." Prayer for Relief ¶ E.

24. It is well-established that "the test for determining the amount in controversy is the pecuniary result to *either party* which the judgment would directly produce." *Tatum v. Laird*, 444 F.2d 947, 951 n.6 (D.C. Cir. 1971), *rev'd on other grounds*, 408 U.S. 1 (1972); *see also, e.g.*, *Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1975) ("[A] court may look to either the value of the right that plaintiff seeks to enforce or protect or the cost to the defendants to remedy the alleged denial."); *Comm. for GI Rights v. Callaway*, 518 F.2d 466, 475 (D.C. Cir. 1975) (same). "Courts do not have to ascertain the value of injunctive relief precisely; so long as a plaintiff's pleadings amount to more than a 'formal allegation' that the relief is worth more than [the jurisdictional threshold], that is sufficient." *Info Strategies, Inc. v. Dumosch*, 13 F. Supp. 3d 135, 141-42 (D.D.C. 2014) (citing *Smith*, 593 F.3d at 1102-03).

25. The cost to Celestial Seasonings to comply with Plaintiffs' requested injunctive relief is significant. At a minimum, Celestial Seasonings would need to update the graphics of each of the affected teas to remove the statements "No Artificial Flavors" and "Naturally Flavored with Other Natural Flavors," and the cost of that graphics update alone would exceed $75,000.

And if the Court required Celestial Seasonings to recall existing product from store shelves in the District of Columbia to comply with the injunction, it would have to hire an outside vendor to travel to stores to conduct the recall, which would add tens if not hundreds of thousands of dollars.

26. The cost of the requested "corrective disclosure" is also significant. The costs associated with a "corrective advertising" campaign would include the cost of print, digital, television, and radio advertising into the District of Columbia, as the well as the cost of having Celestial Seasonings' external marketing firms and internal marketing and creative service functions work on the material for the campaign. The cost of such a corrective advertising campaign alone could easily exceed $75,000. *See, e.g.*, *Fefferman v. Dr. Pepper Snapple Grp., Inc.*, 2013 WL 12114486, at *3 (S.D. Cal. Mar. 12, 2013) (noting that, "[i]n total, the corrective advertisement campaign would cost Defendants approximately $4,985,000").

27. Plaintiffs assert that the "non-aggregation principle defeats reliance on the cost of injunctive compliance." Compl. ¶ 6. But if the Court were to credit Plaintiffs' assertion that this case is *not* a class action removable under CAFA, the necessary implication is that Plaintiffs are asserting a single claim on behalf of the "general public." If that is the case, the value of Plaintiffs' requested injunctive relief, which exceeds $75,000, would satisfy the amount in controversy because it represents a common and undivided recovery on behalf of the general public. *See Nat'l Welfare Rights Org. v. Weinberger*, 377 F. Supp. 861, 866 (D.D.C. 1974) (holding that a common and undivided claim exists "when the adversary of the class has no interest in how the claim is to be distributed among the class members"); *In re Cardizem CD Antitrust Litig.*, 90 F. Supp. 2d 819, 835-36 (E.D. Mich. 1999) (noting that "there is a common and undivided interest in the injunctive relief" if the injunctive relief "will benefit the class as a whole" and the defendant's cost of compliance does not depend on the size of the class). Plaintiffs cannot have it both ways.

**VENUE IS PROPER**

28. Venue is proper because this action was initially filed in the Superior Court of the District of Columbia, which is coextensive with the U.S. District Court for the District of Columbia. *See* 28 U.S.C. § 1441(a) (an action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending"). Venue is independently proper in light of Plaintiffs' allegation that "a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the District of Columbia." Compl. ¶ 3; *see* 28 U.S.C. § 1391.

**OTHER REQUIREMENTS FOR REMOVAL ARE MET**

29. Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within thirty days of the defendant's receipt of service of the summons and the complaint. Plaintiffs served the complaint on Celestial Seasonings on August 20, 2026. Because Celestial Seasonings removed this case less than thirty days thereafter, removal is timely.

30. Celestial Seasonings has not filed any pleadings in the Superior Court responding to the complaint.

31. In accordance with 28 U.S.C. § 1446(d), Celestial Seasonings will promptly give written notice of the filing of this Notice of Removal to all parties, and a copy of this Notice will be filed with the Clerk of the Superior Court.

Dated: September 18, 2026

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Kelly M. Morrison

Kelly M. Morrison (Bar ID 1046293)
kmorrison@jenner.com
Alexander M. Smith (to apply *pro hac vice*)
asmith@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
T: (213) 239-5100
F: (213) 239-5199

Dean N. Panos (to apply *pro hac vice*)
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
T: (312) 923-2765
F: (312) 527-0484

Attorneys for Defendant
Celestial Seasonings, Inc.